TYLER, ADMINISTRATRIX, *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered October 29, 1917.

RAILROADS—INJURY TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE— FAILURE TO SOUND WARNING.—A railway company will not be liable for the killing of a section hand, who was struck by a moving train, although it did not sound any warning of its approach, where all of the section hands with whom deceased was working, saw the approaching train, and the evidence showed that deceased also saw it, but neglected to step off the track.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*D. D. Glover,* for appellant.

1. Appellants were guilty of negligence in failing to whistle at the whistling post, and in failing to properly warn deceased of the approach of the train. It was error to take the case from the jury. If there was contributory negligence it was a question for the jury. 99 Ark. 377; 81 *Id.* 591; 82 *Id.* 640; 90 *Id.* 223; 98 *Id.* 227; 95 *Id.* 291;

91 *Id.* 337; 88 *Id.* 548; 79 *Id.* 53; 78 *Id.* 100; 89 *Id.* 522; 92 *Id.* 502; 95 *Id.* 560; 70 *Id.* 100; 61 *Id.* 341.

Under the law and testimony this was a case for a jury. The foreman failed in his duty to properly warn and the engineer failed to blow his whistle. He was seen in a position of danger and negligence was shown. 2 Bailey on Personal Injury, 1476; 61 Ark. 341; 118 Ia. 387; 1 Bailey, Pers. Injury, 780, 798, 840.

It is negligence *per se* to violate a rule of the company. Appellants were liable under the State and Federal laws. 98 Ark. 240, 257; 38 L. R. A. (N. S.) 56.

*E. B. Kinsworthy, W. R. Donham* and *W. G. Riddick,* for appellees.

1. Appellant failed to establish a cause of action. Roberts, Injuries to Interstate Employees, § 36. The burden was on appellant to prove negligence. *Railway Co. v. Steel,* ms. op., July 9, 1917. The evidence fails to show any negligence on part of appellees. 106 Ark. 31; 107 *Id.* 202; 175 S. W. 518.

2. The deceased assumed the risk. 107 Ark. 202; 106 *Id.* 31; 228 Fed. 322; 3 Labatt, Master & Servant, § 1173, note 1 B and 1 C.

3. The court properly directed a verdict. There was no liability under the State or Federal law.

HUMPHREYS, J. Appellant, administratrix of the estate of J. E. Tyler, deceased, instituted this suit in the circuit court of Hot Spring County for the benefit of herself, as widow, and his two children, as heirs, against appellees, to recover damages on account of the alleged negligent killing of J. E. Tyler, deceased, on the 11th day of October, 1916, about 1,224 feet south of the Twenty-sixth street railroad crossing in Little Rock, Arkansas. The negligence charged and insisted upon for reversal consisted, first, in the alleged failure of appellee to whistle at the whistling post immediately north of where deceased was killed; second, in failing to properly warn him of the approach of the train.

Appellee denied both allegations of negligence and invoked the Federal Employers' Liability Act in order to place the burden of proving the alleged negligence upon appellant; and, by way of further defense, pleaded both contributory negligence and assumed risk on the part of deceased.

The cause was heard upon the pleadings and evidence adduced. At the conclusion of the evidence, a verdict was instructed for appellee and judgment rendered in accordance therewith, from which an appeal has been prosecuted to this court.

J. E. Tyler was killed at 1:15 o'clock on the 11th day of October, 1916, by appellees' fast mail train No. 7. He was one of a section force consisting of five workmen and the foreman. The train whistled for the Twenty-sixth street crossing, at which time the attention of the foreman and workmen who testified was attracted. The men were working on the north main track and between the north and south main tracks, J. E. Tyler being engaged at the time midway between the two tracks aforesaid, picking gravel on a cross track owned by the Dickinson company. This placed him, when standing erect in the clear of the southbound train, which was approaching at the rate of fifty or sixty miles an hour. The foreman was standing about five feet from Tyler when the train reached the Twenty-sixth street crossing and he gave warning to him by saying, "Watch him, boys," and in a louder tone warned the other men who were working over a space of about thirty feet. The other men understood the meaning of the words, and either straightened up or moved out of the way. It was not known whether Tyler understood the expression used by the foreman to be a warning. It was his first day's work for this particular foreman, but he had worked as a section hand before. At that particular time Tyler, who was facing the approaching train, raised up and looked at it. The train was then 1,224 feet from him. The foreman started away but discovered that Tyler had returned to his work, and in a firm voice said, "Come out of there." The foreman then

went to the north track. When Tyler was next seen he was crossing the south track in front of the moving train. All agreed that the approaching train was only 212 feet from him when he started across the south track. He was struck by the pilot beam on the east side of the south track and killed. The facts as thus far stated are undisputed. There was material conflict in the evidence as to whether the whistle was blown as the train approached the whistling post a short distance north of where the killing occurred. The evidence is conflicting in other particulars, but it is unnecessary to a determination of this question now before us to set out or discuss the conflicting evidence. An instructed verdict can not be sustained unless the undisputed evidence warranted the trial court in saying, as a matter of law, the injury and death resulted directly from the negligence of the deceased. If the undisputed evidence revealed the fact that the negligence of deceased was the proximate cause of his injury and death, it is immaterial whether appellees were negligent in failing to blow the whistle, or in failing to notify him more definitely, through the foreman, of the approach of the train. The theory upon which appellant contends for reversal is, that deceased had a right to concentrate his mind upon his duties, and to rely for protection upon proper warnings from his foreman of approaching danger, and upon danger signals provided by law and the rules of the company. This theory in law is sound, but applicable only when the injured servant is unaware of the approaching danger. If aware of the danger, notice by word of mouth or signal could avail him nothing. This court has said, quoting the syllabus, "The railroad company is not liable for the accidental killing of a person upon its track because those in charge of the train did not give signals to apprise deceased of the approach of the train if he knew that the train was approaching." *St. Louis & S. F. Rd. Co.* v. *Ferrell,* 84 Ark. 270. The same rule would apply in case a foreman failed to correctly or distinctly notify a section hand of the approach of a train, if the servant knew the train was coming.

Then the whole question here is dependent upon whether the deceased saw the train coming at the Twenty-sixth street crossing. His co-laborers heard the whistle and saw the approaching train even before it reached the Twenty-sixth street crossing, and easily found a place of safety. Tyler quit work and looked at the approaching train. He was of mature age and was an experienced section hand. It is true he was standing further south in the curve than the other men, but the distance between them was not very great. All were working within a thirty-foot space. The foreman was standing only five feet from him and heard and saw the approaching train. A discussion arose amongst the men as to what train was coming. No contention was made that Tyler's sense of sight or hearing was impaired. It was not shown that his view of the train was obstructed, or that it was more difficult for him than the other men to see and hear it. The only natural conclusion from the undisputed facts is that after hearing and seeing the train, Tyler concluded he could strike a few more licks and then avoid injury. The court correctly held that, as a matter of law, Tyler was guilty of contributory negligence under the undisputed facts in the case, and committed no error in instructing the verdict.

Under this view of the case, it is wholly immaterial whether the facts bring the case within the Federal employers' liability act, for no liability exists either under that act or the State law.

The judgment is affirmed.