CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*
ELZEN.

Opinion delivered February 11, 1918.

1. RAILROADS—INJURY TO PERSON ON TRACK.—Where plaintiff was injured by being struck by a moving train, at a public crossing, *held,* under the evidence, that the court, properly submitted to the jury the issue of defendants' liability for negligence.

2. NEGLIGENCE—DISCOVERED PERIL.—When a traveler is discovered in a perilous position on or near the railroad track by the enginemen on a moving train, it is the duty of the latter to use every reasonable precaution consistent with the proper operation and management of the train, to avoid injuring the traveler.

Appeal from Saline Circuit Court; *Scott Wood,* Judge; affirmed.

*T. S. Buzbee* and *H. T. Harrison,* for appellant.

1. Plaintiff was guilty of negligence, which precludes his recovery. 110 Ark. 106; 102 *Id.* 160; 101 *Id.* 321; 62 *Id.* 156; 61 *Id.* 559; 84 *Id.* 270; 76 *Id.* 10; 54 *Id.* 435; 125 *Id.* 509. See also 107 *Id.* 220.

This rule is not abrogated by the "lookout" statute of 1911. 125 Ark. 509; *Tyler* v. *Ry. Co.,* ms., Oct. 29, 1917; 84 Ark. 270.

*H. S. Powell,* for appellee.

1. Negligence of the train crew was a question for the jury. Negligence was proven. 64 Ark. 239. Appellee was not a trespasser; he was a traveler on a public street and had a right to be there, and it was the duty of the company to protect him, using due care. They saw him, and should have avoided the injury. 69 Ark. 130; 108 *Id.* 335; 96 *Id.* 73; 94 *Id.* 246; 125 *Id.* 428.

2. There was no error in the court's instructions. 69 Ark. 130; 124 *Id.* 518; 119 *Id.* 36. No contributory negligence is shown. 84 Ark. 270 is not in point, as appellee did not know the train was coming over track 4. The evidence supports the verdict.

HUMPHREYS, J. Appellee brought suit against appellants in the Saline Circuit Court to recover damages for an injury received by him at Washington avenue

crossing, on the 21st day of December, 1915, in El Dorado, Arkansas, from appellant's moving train, through the alleged negligence of their servants.

Appellants severally denied negligence on their part, and, by way of further defense, pleaded contributory negligence on the part of appellee.

The cause was submitted to the jury on the pleadings, evidence and instructions of the court. A verdict was returned in favor of appellee for $1,500 and a judgment rendered in accordance therewith, from which an appeal has been properly prosecuted to this court.

The cause was sent to the jury upon the issues, first, of discovered peril, and, second, whether appellee had knowledge of the approaching train.

It is insisted by appellants that the court erred in submitting these questions to the jury. It is said that the court should have exempted appellants from liability under the undisputed evidence in the case. This is true if the undisputed evidence disclosed that the enginemen exercised reasonable care to prevent the injury after discovering the perilous situation of appellee; or if the undisputed evidence revealed the fact that the appellee was aware of the danger and walked into it either thoughtlessly, carelessly or with a view to being able to extricate himself from it.

The facts in the record responsive to the issues thus stated are, in substance, as follows: Appellee was walking south in the night time in El Dorado, Arkansas, on Washington avenue, which was crossed by four railroad tracks, referred to by the parties for convenience as tracks 1, 2, 3 and 4. The injury occurred on the south track, designated as track 4, at a point where the track intersects the west side of said avenue. As appellee walked he was facing a street light not far distant on the east side of the avenue. Track 3 approached the avenue in a northeasterly direction and crossed it diagonally in a straight course. Track 4 parted from track 3, 326 feet southwest of the avenue and crossed the street on a curve in the same general direction. Tracks 3 and 4 were about

100 feet apart where they crossed the avenue. Appellee testified that when crossing track 3 he observed a light from the headlight of an engine in the railroad yards to the southwest shining on track 3; that when between tracks 3 and 4, he looked again in the direction of the yards and saw a light from a headlight still shining on track 3, which was then in his rear; that he heard no train coming, nor whistle blowing nor bell ringing; that he then stepped on track 4, at which time the light suddenly flashed over him, and he jumped but was struck by an engine and knocked off the track on the engineer's side and injured.

The engineer and fireman testified that they discovered appellee approaching track 4 just before they reached the connecting switch of tracks 3 and 4 where they turned onto track 4, and that the engineer blew four short blasts of the whistle to attract appellee's attention. The engineer testified that after he turned on track 4 the curve caused the engine to obstruct his view and prevent him from seeing appellee. The firemen testified that he observed appellee continuously from the time he crossed track 3 until he was hit by the train on track 4, and that he did nothing himself to attract the attention of appellee; that appellee was walking rapidly with his hands in his pockets toward track 4; that appellee's hat was pulled down to one side as if to prevent the headlight from shining in his eyes, and walked toward and on track 4 without evidencing in any manner that he had discovered the approach of the train. As long as appellee was within the range of the engineer's vision, his description of appellee's manner and movements was the same as those described by the fireman. Both testified that the bell was continuously ringing as the train approached the crossing and that they thought appellee would stop before he stepped on track 4. The testimony was conflicting as to the speed of the train and as to whether signals were being given when the train approached the street crossing.

It can not be said in the instant case, as was said in the cases of *St. Louis & San Francisco Rd. Co.* v. *Ferrell,* 84 Ark. 270, and *Tyler, Admx.,* v. *St. Louis, I. M. & S. R. Co.,* 130 Ark. 583, that the injured parties knew the trains were approaching and for that reason were cognizant of the danger. Of course, it can not be said that the proximate cause of the injury was the negligence of the railroad company in failing to give signals if the injured party already knew of the approach of the train. The instant case is clearly distinguishable from the Ferrell and Tyler cases, *supra.* It was almost conclusively shown by the positive evidence in the instant case that the appellee did not know the train was approaching. Under all the facts and circumstances in the case, it might, however, be regarded as a disputed fact to be determined by a jury. There was a direct and unmistakable conflict in the evidence as to whether signals were given by the enginemen as the train approached the crossing on track 4.

The doctrine of discovered peril is well settled in this State, and is to the effect that when a traveler is discovered in a perilous position on or near the railroad track by the enginemen on a moving train, it is their duty to use every reasonable precaution, consistent with the proper operation and management of their train, to avoid injuring the traveler. *Inabnett* v. *St. L., I. M. & S. Ry. Co.,* 69 Ark. 130; *St. L. & S. F. Rd. Co.* v. *Champion,* 108 Ark. 326.

Under the facts in this case, the issues were determinable by the jury and not by the court. The issues were submitted under proper instructions, and, there being no error in the record, the judgment is affirmed.